a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **ALEXANDER ISMAEL BENAVIDEZ**<br>Petitioner | **CIVIL DOCKET NO. 1:25-CV-01465**<br>**SEC P** |
| **VERSUS** | **JUDGE DRELL** |
| **WARDEN F C I POLLOCK,**<br>Respondent | **MAGISTRATE JUDGE PEREZ-MONTES** |

## MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Alexander Ismael Benavidez ("Benavidez"). Benavidez is imprisoned at the Federal Correctional Institution in Pollock, Louisiana ("FCI Pollock"). He challenges the computation of his sentence by the Bureau of Prisons ("BOP").

To determine whether Benavidez should be excused from the exhaustion requirement, and whether his Petition has merit, he must AMEND.

### I. Background

Benavidez was convicted of possession with intent to distribute more than 500 grams of methamphetamine. *United States v. Benavidez*, 2:20-CR-01215 (W.D. Tex.), ECF No. 107. On August 28, 2024, he was sentenced to 151 months of imprisonment, with credit for time served since April 5, 2020. *Id.*

According to the BOP's online locator service, Benavidez's projected release date is December 24, 2030. Benavidez seeks a speedier release from custody. He

asserts that he should not be required to exhaust administrative remedies because the prison staff told him to "return at another time" to obtain the administrative remedy forms.  ECF No. 1-1 at 3.

## II.     Law and Analysis

A petitioner seeking relief under § 2241 must first exhaust administrative remedies through the BOP's four-step process.  *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (citing *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990)); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (holding that exhaustion of administrative remedies is a prerequisite to § 2241 relief).  First, a prisoner must attempt to informally resolve the complaint with staff. 28 C.F.R. § 542.13(a).  If informal attempts are unsuccessful, the prisoner must submit a Request for Administrative Remedy to the warden.  28 C.F.R. § 542.14.  If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director.  28 C.F.R. 542.15.  If still unsatisfied, the prisoner may file a national appeal to the Office of General Counsel as the final step in the administrative appeal process.  *Id.*  Only after exhausting these available administrative remedies may an inmate seek relief through a § 2241 petition.  *See Gabor*, 905 F.2d at 78 n. 2.

The exhaustion requirement applies to the computation of sentences.  *See, e.g. Gabor*, 905 F.2d at 78 n.2; *see also Rodriguez v. Lamar*, 60 F.3d 745, 747 (11th Cir. 1995).  "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a

patently futile course of action." *Williams v. Willis*, 765 F. App'x 83, 83-84 (5th Cir. 2019) (citations omitted); *see also Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). The petitioner has the burden of demonstrating that an exception to the exhaustion requirement applies. *See id.*

Benavides alleges that exhaustion should be excused because he was told on several occasions to "return at another time to obtain the forms." ECF No. 1-1 at 3. Benavides should provide some evidence to substantiate his claim that prison staff is attempting to "thwart his efforts" to exhaust. ECF No. 1-1 at 3. He should produce copies of any written requests for grievance forms; provide the dates on which he made verbal requests for forms; and provide the name of the staff members who told him to "return at another time." *See Etti v. Carr*, 4:21-CV-631, 2021 WL 3930087, at *2 (N.D. Tex. Sept. 1, 2021) (petitioner presents no evidence in support of her allegation that she sought a grievance form, but staff refused the request, or that any attempt to exhaust would be futile).

Additionally, as to the merits of his claim, Benavides should explain how he is entitled to be released from his 151-month sentence. He should provide copies of any evidence supporting his calculation of the sentence, as well as evidence of any time credits to which he believes he is entitled.

### III. Conclusion

Because additional information is needed to evaluate Benavides's Petition, IT IS ORDERED that he AMEND within 30 days of the date of this Order to provide the information requested.

SIGNED on Thursday, November 6, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE